## J. M. PYLE et al. v. STATE.

No. A-7700.   Opinion Filed March 6, 1931.
(296 Pac. 761.)

J. C. Cornett, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiffs in error herein-after referred to as the defendants, were convicted of disturbing the peace of H. O. Bolen, and each sentenced to pay a fine of $100, from which sentence the defendants have appealed.

The facts on behalf of the state, in substance, show: That on May 4, 1929, H. O. Bolen lived near a place in Osage county known as Webb City, with a family by the name of Corn.   Bolen was the owner of a dog which was

killed the night prior to May 4, 1929, and he had received some information that the defendant Chester Wood had killed his dog. On the evening of May 4, 1929, Bolen learned that Wood was in Webb City, and went to a car in which Wood and some other parties were sitting, and asked if Chester Wood was in the car, as he did not know the defendant Wood. Wood replied that his name was not Wood but Watson. Bolen left and went about his business until bedtime, and some time after Bolen had retired the defendant Wood, who was an undercover man for the government, and the defendant J. M. Pyle, and several others went to the Corn home, which was about a half mile from Webb City, knocked on the door, and demanded to know where Bolen was. They were informed by Mrs. Corn that he was in his bedroom asleep. They went to his bedroom door, and, without any ceremony, opened the door, and went into the room where Bolen was sleeping. The defendant Wood was accompanied to the bedroom by the defendant J. M. Pyle and some other parties. They were all armed. When they got into the bedroom, Bolen was still in bed. Wood said: "I was Watson a while ago, but I am Wood now and I want to know what in the hell Bolen wanted"—at the same time patting his hip. The defendant Pyle spoke up and said: "I understand you are pretty damn tough and jumped my man up down town, but I want you damn bootleggers to know I am not going to stand for it. I want to know what you are going to do about it." The prosecuting witness replied, "I am going to lay here and take it"; and further stated: "I knew I would have gotten pistol whipped, or shot if I had resisted them. Wood said, 'You don't know how near you came to getting killed while you were standing there at the car; I came near putting two bullet holes through you.' "

The testimony on behalf of the defendants shows that Wood was the man who killed Bolen's dog, and that Wood was the man who answered Bolen on the street in Webb City early in the evening prior to the time they went to the bedroom of Bolen, when Bolen asked if his name was Wood, and he said his name was Watson. The defendants claim they went to Bolen's room to see what he wanted with Wood. The contention of the defendants is not borne out by the testimony or the circumstances, which all admit existed at the time they went at the dead hour of midnight, and went into the room of Bolen at his home.

The defendants have assigned several errors alleged to have been committed in the trial of their case. The first error discussed is, the court erred in overruling the demurrer of the defendants to the information. A careful examination of the information shows that it stated facts sufficient to advise the defendants that they were charged with disturbing the peace of the prosecuting witness, Bolen. The court did not err in overruling the demurrer.

The defendants next complain that the court erred in refusing to sustain their motion for a directed verdict. This contention is untenable. While the testimony is conflicting, there was testimony sufficient to justify the court in submitting the case to the jury, and the jury, after hearing the evidence, found the defendants guilty as charged in the information.

It is clear from the testimony that the defendants in this case knew the prosecuting witness Bolen had learned that Wood had killed his dog, and that, when Bolen approached the car in which Wood was sitting early in the evening before they went to the home

of Bolen about midnight, and asked if his name was Wood, at that time the prosecuting witness had an even break with the defendant Wood, and Wood denied his identity. The prosecuting witness went away, and thereafter Wood gathered his crowd together and went to the home of Bolen for the purpose of learning what Bolen desired to see Wood for. The testimony in the record tends to show that when they entered the room of Bolen they entered it for the purpose of provoking a difficulty if possible with Bolen, and, if he resisted, as stated by the witness, he would have been pistol whipped or shot by the defendants.

The testimony in this case is amply sufficient to sustain the judgment. There are no errors in the record of sufficient merit to warrant a reversal.

The judgment is affirmed.

CHAPPELL and EDWARDS, JJ., concur.